IN THE MATTER OF THE APPLICATION OF THE PACIFIC OIL TRANSPORTATION COMPANY, A CORPORATION, PETITIONER FOR A WRIT OF MANDAMUS DIRECTED TO JAMES BICKNELL, AUDITOR OF THE COUNTY OF OAHU.

IN THE MATTER OF THE PETITION OF THE SCHUMAN CARRIAGE COMPANY, LIMITED, A CORPORATION, PETITIONER FOR A WRIT OF MANDAMUS DIRECTED TO JAMES BICKNELL, AUDITOR OF THE COUNTY OF OAHU.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JUNE 27, 1906.          DECIDED JULY 3, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

COUNTIES—*power to maintain parks.*

The county of Oahu has power to appropriate county funds for the maintenance and up-keep of Kapiolani Park and the roads therein.

OPINION OF THE COURT BY WILDER, J.

These two cases were argued together and are appeals from judgments granting peremptory writs of mandamus against the county auditor of Oahu to compel him to issue warrants on the country treasurer to pay two claims against the county, which claims have been examined, allowed and ordered to be paid by the board of supervisors, one for a certain amount of oil for a road in Kapiolani Park and the other for repairs to a dray used in that park.

The question to be decided is, whether the county of Oahu has power to appropriate county funds for the maintenance and up-keep of Kapiolani Park.

As to the claim for the oil, there is no question but that that is a lawful and valid one. The county has express power to maintain "public streets, highways, roads, alleys, trails and bridges within its boundaries," (County Act, Sec. 9, subdivision 3,) and whether a road, on the maintenance of which county funds are spent, is within or without Kapiolani Park, is immaterial.

The other claim depends on the construction of subdivision 2 of Sec. 9 of the County Act, which reads as follows: Each county shall have the power "to purchase and otherwise acquire, take on lease and hold real and personal property within its defined boundaries and to manage and dispose of the same as the interests of the inhabitants thereof may require."

The general rule, as stated by Mr. Dillon, is that "A municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation,—not simply convenient, but indispensable." 1 Dill., Mun. Corp., Sec. 89.

The county having the power to purchase, hold and manage (which includes power of maintaining) property such as that

comprised within the limits of Kapiolani Park, it is to be fairly implied therefrom that the county also has the power to maintain such property without purchasing and holding it, and therefore the second claim is also legal and valid.

The judgment appealed from in each case is affirmed.

*E. C. Peters, Attorney General,* for petitioners.

*E. A. Douthilt, County Attorney,* for respondents.